IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2018

## IN RE KESHAWN J., ET AL.[1]

**Appeal from the Juvenile Court for Shelby County**
**No. AA4649          Dan H. Michael, Judge**

_____

### No. W2017-02490-COA-R3-JV

_____

In this dependent and neglect proceeding, the maternal grandparents of four children appeal an order entered in the Shelby County Juvenile Court dismissing a petition in which they sought visitation with the children pursuant to the grandparent visitation statute at Tennessee Code Annotated section 36-6-306.  For the reasons set forth hereinafter we affirm the juvenile court's dismissal of the petition for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KENNY W. ARMSTRONG, J., joined.

Warren P. Campbell, Memphis, Tennessee, for the appellants, Marvin J. and Cassandra J.

No brief was filed on behalf of appellee, Ezekiel S.

### MEMORANDUM OPINION[2]

        This proceeding began when Marvin J. and Cassandra J. ("Petitioners" herein), filed an emergency petition in Shelby County Juvenile Court on June 3, 2014, alleging

---

[1] This Court has a policy of protecting the identity of children in dependent and neglect cases by initializing the last names of the parties.

[2] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

that their four grandchildren, who were in the custody and care of their father, Ezekiel S. ("Father"), were dependent and neglected, and seeking custody of the children; the magistrate entered a protective custody order, placing the children in the temporary custody of Petitioners and ordering the Department of Children's Services to investigate and file a report with the court.[3] Following a preliminary hearing on June 26, the magistrate entered an order continuing custody with Petitioners and granting Father temporary visitation "to be arranged by [Petitioners and Father] and to be supervised by [Petitioners]." On July 14 the magistrate issued Findings and Recommendations: adjudicating the children to be dependent and neglected; continuing the custody and visitation as established in the prior order; setting the dispositional hearing for September 29; requiring Father to legitimate the children before the hearing and attend parenting and anger management classes; and ordering that the children remain in counseling. Following the hearing on September 29, the magistrate issued Findings and Recommendations continuing the dispositional hearing until January 26, 2015, and setting Father's visitation from 6:00 p.m. Thursday to 6:00 p.m. on Sunday on the second and fourth weekend of each month beginning October 9.

On November 7, 2014, Petitioners moved to suspend Father's unsupervised visitation or to have his visitation supervised, asserting that Father "has failed to provide a safe environment for the children during their last visit on October 9 through October 12," that he "refuses to comply with the current court order or to provide a safe environment for the children," that the children "are at a substantial risk of harm if they are allowed to visit the father unsupervised in his home," and that the children "have expressed anxiety and fear of Father for his actions." On November 19 the magistrate issued Findings and Recommendations continuing the hearing on the motion to January 26, 2015, and approving the parties' agreement that Father would have supervised visitation "to be arranged by the parties and to be supervised by [Petitioners]" pending further orders.

Following the dispositional hearing on January 26, 2015, the magistrate issued Findings and Recommendations, ordering that the children remain in the custody of Petitioners and that Father "shall receive reasonable supervised visitation at the Exchange Club . . . on Saturdays to be arranged at a time through the visitation coordinator at the Exchange Club"; the Findings and Recommendations were adopted, ratified and made the order of the court by the juvenile judge on February 21. Father timely filed a Request for Hearing before the juvenile court judge, which was granted on March 9.

---

[3] Unless otherwise stated, each of the orders or Findings and Recommendations entered by the magistrate were confirmed and adopted by the juvenile court judge at or about the time of signature by the magistrate.

On November 12, 2015, the juvenile judge issued an order adjudicating the children to be dependent and neglected and placing them in Petitioners' custody; the order was entitled "Final Order of Dependency and Neglect" and provided that it was "a final order and intended to resolve all issues before the Court." Father timely appealed the order to Shelby County Circuit Court.

On August 3, 2017, while the case was pending in the circuit court, the Petitioners filed a pleading in the juvenile court, styled "Petition to Modify And For Injunction And For Specific Visitation By Maternal Grandparent[s]"; Petitioners also filed a "Motion For Temporary Visitation Pending Hearing" and "Motion for Transfer of Custody" on August 11 and September 22, respectively, in the juvenile court. The juvenile court order, from which this appeal was taken, was entered on November 17 and states that it was entered as a result of a hearing held in circuit court on November 16, with the juvenile judge participating; the juvenile court's order disposed of the petitions and motions thusly:

> A Petition to Modify and for Injunction and for Specific Visitation by Maternal Grandparent was filed in this Court on August 3, 2017, a Motion for Temporary Visitation Pending Hearing was filed in this Court on August 11, 2017, and a Motion for Transfer of Custody was filed in this Court on September 22, 2017. After a review of the entire record, the Circuit Court has issued several rulings involving the grandparents' visitation and a final order has not been entered in the dependency and neglect appeal to Circuit Court, and therefore, Circuit Court has jurisdiction in this matter. The Court finds that the Petition to Modify and for Injunction and for Specific Visitation by Maternal Grandparent, the Motion for Temporary Visitation Pending Hearing, and the Motion for Transfer of Custody should be dismissed due to lack of jurisdiction.
>
> IT IS THEREFORE ORDERED
>
> 1. That the Petition to Modify and for Injunction and for Specific Visitation by Maternal Grandparent filed in this Court on August 3, 2017 be and is hereby dismissed.
>
> 2. That the Motion for Temporary Visitation Pending Hearing filed in this Court on August 11, 2017 be and is hereby dismissed.
>
> 3. That the Order on Temporary Visitation for Maternal Grandparents entered on August 30, 3017 be set aside.
>
> 4. That the Motion for Transfer of Custody filed in this Court on September 22, 2017 be and is hereby dismissed.

5. That the Order Granting Visitation entered on September 27, 2017 be set aside.

6. That the Agreed Order for Continuance entered on October 20, 2017 be set aside.

The record before us also contains a transcript of the circuit court hearing, wherein the juvenile judge explains that the circuit judge "reached out to me back a week or so ago about this case, asking us to have this meeting on the question of who had jurisdiction." The circuit court then recounts the history of circuit court proceedings since it acquired jurisdiction of the dependent and neglect proceeding and explains that the parties had a hearing on July 27, 2017, but that an order containing the court's disposition of the *de novo* hearing had not yet been entered.[4]

Tennessee Code Annotated section 37-1-103 gives the Juvenile Court exclusive original jurisdiction in proceedings where children are alleged to be dependent and neglected. Pursuant to section 37-1-159, an appeal from the juvenile court in such a proceeding is to the circuit court, where the case is to be tried *de novo*. From the record in this case, it is clear that, at the time that Petitioners filed the petitions and motions which led to the order under appeal, the circuit court had jurisdiction of the case, specifically, the issues of custody of the children and visitation. The juvenile court correctly held that the circuit court had jurisdiction and dismissed the petition on that basis.

For the foregoing reasons we affirm the decision of the Juvenile Court.

_____
RICHARD H. DINKINS, JUDGE

---

[4] Petitioners have included as an appendix to their brief a certified copy of an order entered in the circuit court case on February 15, 2018, reciting that the case came on to be heard on July 27, 2017 "for a final hearing on the transition plan to Father's custody," with Petitioners and their counsel participating. While we acknowledge the entry of the order, neither the circuit court proceeding nor the order are before us for review.

4